IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CR-146-1H

UNITED STATES OF AMERICA, )
)
)
)
)
v. ) **ORDER**
)
)
WILLIE LAZLO HENDERSON, )
)
Defendant. )

This matter is before the court on the government's motion in limine, filed January 21, 2012. The court finds that a response is unnecessary to the court's resolution of the government's motion and, therefore, renders a decision prior to the expiration of defendant's response deadline.

The government first seeks to preclude any evidence or argument concerning the potential penalties faced by defendant. It is well settled that punishment is not for the jury to determine. Rather, it lies within the exclusive province of the sentencing judge. The court, therefore, GRANTS the government's motion in this respect. In the event defense counsel believes there to be some compelling reason to allow limited testimony regarding the subject of punishment, defense counsel should

bring that to the court's attention and make a proffer at the appropriate time, either before or during trial.

The government also seeks to prevent defendant from presenting evidence or argument of justification. The government contends that the facts of this case fail to meet the criteria for a justification defense. Specifically, the government asserts that defendant is unable to show either (1) that his possession of the firearm in question was the result of an imminent threat of death or bodily injury; (2) that he had no reasonable legal alternative to possessing the firearm; or (3) that there is a direct causal relationship between his possession of the firearm and the avoidance of harm. The court DENIES the government's motion to exclude a justification defense at this time. Should the evidence presented at trial be insufficient to support a defense of justification, the court will instruct the jury accordingly.

This 25th day of January 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville
#31